IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

COREY E. JOHNSON, )
)
Petitioner, )
)
v. ) Civil Action No. 3:17CV33–HEH
)
BUTLER LAW FIRM, )
)
Respondent. )

## MEMORANDUM OPINION
(Dismissing Successive Habeas Petition)

Corey E. Johnson, a Virginia prisoner proceeding *pro se*, filed this action. For the reasons set forth below, the action will be dismissed as a successive, unauthorized petition for a writ of habeas corpus.

### I. Procedural History

Johnson was convicted in the Circuit Court for the City of Richmond ("Circuit Court") of two counts of murder and two counts of use of a firearm in the commission of those offenses. *See Johnson v. Kelly*, No. 3:07CV731, 2008 WL 3992638, at *1 (E.D. Va. Aug. 28, 2008). Johnson filed a 28 U.S.C. § 2254 petition challenging those convictions. *Id.* By Memorandum Opinion and Order entered on August 28, 2008, this Court found that Johnson procedurally defaulted his claims and denied the 28 U.S.C. § 2254 petition. *Id.* at *1–2. Thereafter, Johnson submitted a series of unsuccessful motions for relief under Federal Rule of Civil Procedure 60(b).

On January 18, 2017, the Court received the present action from Johnson. It was unclear what sort of action, Johnson sought to initiate. In his submissions, Johnson complained extensively about the representation he received during his initial federal habeas proceedings. By Memorandum Order entered February 2, 2017, the Court conditionally docketed the action as a regular civil action and informed him that he would be responsible for a $350.00 filing fee and sent him the documents for obtaining leave to proceed *in forma pauperis*. (ECF No. 3.) Thereafter, Johnson submitted *in forma pauperis* affidavits wherein he clarified that he was seeking to bring a "petition for writ," (ECF No. 5, at 1) and "habeas corpus." (ECF No. 10.) Accordingly, by Memorandum Order entered on May 10, 2017, the Court informed Johnson that his petition for a writ of habeas corpus would be filed upon payment of the $5.00 filing fee. (ECF No. 17.) On June 23, 2017, Johnson paid the $5.00 filing fee. (ECF No. 15.)

By Memorandum Order entered on August 2, 2017, the Court directed Johnson that:

> In the United States District Court for the Eastern District of Virginia, a *pro se* petition for a writ of habeas corpus must be filed on a set of standardized forms. *See* E.D. Va. Loc. Civ. R. 83.4(A). Accordingly, the Clerk is DIRECTED to mail Johnson the standardized form for filing a § 2254 petition. The Clerk shall WRITE the civil action number for the present action on the form. Johnson **is DIRECTED to complete and return the form to the Court within eleven (11) days of the date of entry hereof.** Johnson must state the facts that make his detention unlawful. The Court's consideration of Johnson's grounds for habeas relief shall be limited to the grounds and supporting facts concisely set forth on this standardized form and on any attached pages.

(ECF No. 16, at 2.) On August 16, 2017, Johnson filed his petition for a writ of habeas corpus on the standardized form ("§ 2254 Petition," ECF No. 18).[1]

## II. The Current § 2254 Petition

In his § 2254 Petition, Johnson once again challenges his convictions for two counts of murder and two counts of use of a firearm during the commission of a felony in the Circuit Court. (§ 2254 Pet. 1.)[2] In his § 2254 Petition, Johnson contends that he is entitled to relief because he failed to receive the effective assistance of counsel during his trial. (*Id.*)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

---

[1] The Court employs the pagination assigned to the § 2254 Petition by CM/ECF.

[2] Johnson lists this Court as the court that imposed the convictions that he seeks to challenge. (§ 2254 Pet. 1.) This Court, however, has not convicted Johnson of two counts of murder and two counts of use of a firearm during a felony. Johnson cannot avoid the bar on successive habeas petitions simply by failing to correctly identify the court where the criminal convictions occurred. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). A "motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.'" *United States v. McCalister*, 453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006)).

3

Johnson has not received permission from the United States Court of Appeals for the Fourth Circuit to file this successive § 2254 Petition challenging his conviction in the Circuit Court. Accordingly, the action will be dismissed without prejudice for lack of jurisdiction. Johnson's Motion for the Appointment of Counsel (ECF No. 19) will be denied. The Court will deny a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: **Nov. 30, 2017**
Richmond, Virginia

4